**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**
☑ __1st__ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☐ ___ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

| | | |
|---|---|---|
| DEBTOR: **Flora Navarro** | JOINT DEBTOR: **Narciso Navarro** | CASE NO.: |
| Last Four Digits of SS# **xxx-xx-6129** | Last Four Digits of SS# **xxx-xx-6216** | |

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of **60** months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to the creditors pro-rata under the plan:

    A.  $ __4,711.79__ for months __1__ to __60__ ;
    B.  $ _____ for months _____ to _____ ;
    C.  $ _____ for months _____ to _____ ; in order to pay the following creditors:

Administrative: Attorney's Fee - $ __8,500.00__ TOTAL PAID $ __2,000.00__
Balance Due $ __6,500.00__ payable $ 108.34 /month (Months __1__ to __60__)

Secured Creditors: [Retain Liens pursuant to 11 USC § 1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

**Wells Fargo Home M**
Address: **1000 Blue Gentian Rd. #300; Mac #X7801-02k; Eagan, MN 55121**
Arrearage on Petition Date $ _____
Arrears Payment $ _____ /month (Months _ to _)
Account No: **xxxxxxxx1873**
Regular Payment $ __1,875.00__ /month (Months __1__ to __60__)

**Bank of America**
Address: **Po Box 26012; Greensboro, NC 27410**
Arrearage on Petition Date $ _____
Arrears Payment $ _____ /month (Months _ to _)
Account No: **xxxxx6113**
Regular Payment $ __1,875.00__ /month (Months __1__ to 60__)

**Acceptance Now**
Address: **5501 Headquarters Dr. Plano TX 75024**
Arrearage on Petition Date $ __1,500.00__
Arrears Payment $ _____ /month (Months _ to _)
Account No: _____
Regular Payment $ __25.00__ /month (Months __1__ to __60__)

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 AND LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| | $ | 0% | $ | 0 To 0 | 0.00 |
| | $ | 0% | $ | 0 To 0 | 0.00 |

Priority Creditors: [as defined in 11 U.S.C. §507]
__-NONE-__ Total Due $ _____
Payable $ _____ /month (Months _ to _) Regular Payment $ _____

Unsecured Creditors: Pay $ **357.27** /month (Months __1__ to __60__).
Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

LF-31 (rev. 01/08/10)

Other Provisions Not Included Above:

**Rejected Contracts and/or Leases**
-NONE-

**Assumed Contracts and/or Leases**

       **America's Servicing Company/Wells Fargo (xxxx1509): Debtors will pay direct to Creditor.**
       **Santander Consumer USA: Debtors will pay direct to Creditor.**
       **Catholic Cemety Associations - will pay directly to Creditor**

       **Special Intentions:**

       **The Debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The Debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income.**

       **The debtor has filed a Verified Motion for Referral to MMM with _Wells Fargo Home_ ("Lender"), loan number xxxxxxx1873_, for real property located at 9711 SW 135th Ave Miami, FL 33186. The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.**

       **Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.**

       **If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable. If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement. In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly. If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the lender will be considered "treated outside the plan" and the lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property. Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.**

       **The debtor has filed a Verified Motion for Referral to MMM with _Bank of America_ ("Lender"), loan number _xxxx6113_, for real property located at _18900 SW 197 Ave Miami, FL 33187_. The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan**

payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable. If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement. In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly. If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the lender will be considered "treated outside the plan" and the lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property. Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| /s/ Flora Navarro | /s/ Narciso Navarro |
|---|---|
| **Flora Navarro** | **Narciso Navarro** |
| Debtor | Joint Debtor |
| Date: **September 1, 2016** | Date: **September 1, 2016** |